UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WOLFF SHOE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:11CV601 TIA |
| ) | |
| MOSINGER COMPANY. LLC ) | |
| d/b/a MARK LEMP FOOTWEAR, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Mosinger Company, LLC d/b/a Mark Lemp Footwear's Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim Upon Which Relief can be Granted Pursuant to Fed.R.Civ.P. 12(b)(6) and Motion to Bifurcate the Trial of Liability from Damages and Willfulness (Docket No. 30) and Plaintiff Wolff Shoe Company's Motion for Leave to file a Sur-Reply in Opposition (Docket No. 34). Wolff filed a Memorandum in Opposition to the motion to dismiss (Docket No. 24). Mosinger filed Reply (Docket No. 27) thereto. All matters are pending before the undersigned United States Magistrate Judge, with the consent of the parties, pursuant to 28 U.S.C. § 636(c).

On April 4, 20011, Plaintiff Wolff Shoe Company ("Wolff") filed a one-count Complaint raising a claim for copyright infringement. (Docket No. 1). On June 10, 2011, Defendant Mosinger Company, LLC d/b/a Mark Lemp Footwear ("Mosinger") filed an Answer, Affirmative Defenses and Counterclaims. (Docket No. 8). Thereafter on June 16, 2011, Wolff filed the instant multicount First Amended Complaint (Docket No. 13) raising claims of copyright infringement, trade dress infringement, unfair competition, violation of the Missouri Anti-Dilution Act, unfair competition, and

unjust enrichment.

With respect to the motion to dismiss, Wolff filed a brief in opposition to the motion, Mosinger filed a reply, and Wolff requested leave to file a sur-reply. Mosinger filed opposition thereto. Wolff attached to the opposition materials that are not attached to the First Amended Complaint. Mosinger submitted a declaration and exhibits in support of the motion to dismiss. The Court will not rely on those materials in resolving the pending motion to dismiss, and, therefore, will not convert the motion to a motion for summary judgment under Rule 12(d). Fed.R.Civ.P. 12(d). The Court will, however, consider the exhibits attached to the First Amended Complaint in resolving the motion to dismiss. Great Plains Trust Co. v. Union Pac. R. Co., 492 F.3d 986, 990 (8th Cir. 2007); Abels v. Farmers Commodities Corp., 259 F.3d 910, 921 (8th Cir. 2001). In Wolff's Motion for Leave to file a Sur-Reply in Opposition (Docket No. 34), Wolff seeks leave to file a surreply brief to address issues allegedly raised by Mosinger for the first time in the reply brief. Mosinger has filed an Opposition (Docket No. 35) thereto. After reviewing the pleadings and considering the argument of counsel, the Court will deny Wolff's Motion for Leave to file a Sur-Reply in Opposition.

## Facts

Accepting as true all factual allegations in the First Amended Complaint and viewing them in the light most favorable to the plaintiff, Erickson v. Pardus, 551 U.S. 89, 94 (2007), the Court sets forth the following facts[1]:

Plaintiff Wolff Shoe Company is a Missouri Corporation headquartered in Fenton, Missouri. (Am. Compl. at ¶ 3). Since 2007, Wolff has been in the business of making and selling as part of its

---

[1] These well-pleaded facts are taken from Wolff's First Amended Complaint and are considered as true for the purposes of this Memorandum and Order. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009); Neitzke v. Williams, 490 U.S. 319, 326 (1989).

Sesto Meucci line of shoes, footwear known as UMEKO ("UMEKO shoe"). (Am. Compl. at ¶ 5). A photo of the UMEKO shoe is attached as Exhibit D to the First Amended Complaint. (Am. Compl. at ¶ 5). Wolff is the owner of the copyright in and has obtained a Certificate of Registration, VA 1-752-560, for a copyrightable work entitled *Decorative, Ornamental Hole Patterned Motif for Apparel, Accessories and the Like* ("Registered Design"). (Am. Compl. at ¶ 6; Exh. A). Wolff asserts that it has complied with all statutory formalities required by the Copyright Act to maintain the validity of the copyright in its Registered Design. (Am. Compl. at ¶ 7). Wolff further asserts that it has always owned exclusive rights in the copyright to the Registered Design covered by the registration, and consequently, Wolff has maintained the exclusive right under the Copyright Act to reproduce, distribute, and modify and to authorize the reproduction, distribution, and modification of the Registered Design. (Am. Compl. at ¶ 8).

Wolff asserts the UMEKO shoe comprises and displays a distinctive trade dress, and such trade dress is recognizable to customers as a source identifier of the shoe. (Am. Compl. at ¶ 10). Wolff asserts that the slip-on styling with the a wall-toe and the distinguishing sleek shape as the distinctive trade dress of the UMEKO shoe. (Am. Compl. at ¶ 11). The uppers are made of leather or suede type materials and have at least one triangular cut-out ; have heavy stitching in the center of the vamp; and have a perforated pattern composed of perforations of varying sizes on the upper part of the shoe. The sole has a rubber appearance, and the heel counter has heavy stitching coordinating with vamp stitching. (Am. Compl. at ¶ 11) (collectively referred to as "UMEKO trade dress). See Exhibit D. Wolff asserts that because of the continuous and widespread use of the UMEKO trade dress in connection with the UMEKO shoe, the UMEKO trade dress has become a valuable asset with significant good will and reflects the quality of Wolff's footwear. (Am. Compl.

at ¶ 12). Wolff contends that by virtue of the duration of use and extensive sales, advertising and promotion of the UMEKO trade dress, Wolff has procured distinctiveness as a trade dress. (Am. Compl. at ¶ 13).

Wolff alleges without authorization, Defendant Mosinger Company, LLC, d/b/a Mark Lemp Footwear copied, used and displayed the Registered Design on "Elites by Walking Cradles Women's Amy Slip-On ("Amy shoe") and has sold and continues to offer for sale the Amy shoe. (Am. Compl. at ¶¶ 15-16, 22). Wolff contends that the Amy shoe includes and displays the Registered Design and employs the UMEKO trade dress. (Am. Compl. at ¶¶ 9, 16-17). Without authorization, Mosinger markets and advertises shoes using Wolff's UMEKO trade dress. (Am. Compl. at ¶ 19). As a result of the sales of the Amy shoe, Wolff alleges Mosinger has sold unauthorized and confusingly similar shoes to the UMEKO shoe resulting in both monetary and non-monetary damage to Wolff. (Am. Compl. at ¶ 20).

In the trade dress infringement claim (Count II), Wolff contends that Mosinger used the UMEKO trade dress without consent after the UMEKO trade dress acquired distinctiveness. (Am. Compl. at ¶ 30). Wolff argues the UMEKO trade dress is not functional, and its exclusive use does not place its competitors at a significant, non-reputation-related disadvantage. (Am. Compl. at ¶ 31). Wolff asserts that Mosinger's use of the UMEKO trade dress enables Mosinger to improperly trade of the goodwill of Wolff and in connection with the Amy shoe, likely causes confusion or mistake or to deceive the origin, sponsorship, or approval of its goods in violation of the Lanham Act. (Am. Compl. at ¶ 33). In the unfair competition claim (Count III), Wolff contends that Mosinger's offering for sale the Amy shoe constitutes a false representation and/or false designation of origin likely causing confusion or mistake as to the affiliation to Wolff or its shoes or commercial activities

resulting in unfair competition in violation of the Lanham Act. (Am. Compl. at ¶¶ 36-37).

In the Missouri Anti-Dilution Act claim (Count IV), Wolff contends that Mosinger has used the UMEKO trade dress in the Amy shoe even after the UMEKO trade dress acquired distinctiveness, and the UMEKO trade dress is not functional. (Am. Compl. at ¶¶ 40-42). In the Unfair Competition claim (Count V), Wolff asserts that Mosinger has caused harm to its commercial relations by adopting and selling unauthorized copies of the UMEKO trade dress and Registered Design as if its own through the sales of the Amy Shoe. (Am. Compl. at ¶¶ 48-50). In the Unjust Enrichment claim (Count VI), Wolff contends that Mosinger copied its Registered Design and utilized the UMEKO trade dress in the Amy shoe and sold the shoe through similar trade channels to similar customers resulting in an unjust retention of benefit to Mosinger without payment to Wolff. (Am. Compl. at ¶¶ 53-55).

## Standard for Ruling on a Motion to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). However, if a complaint pleads facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief" and should be dismissed for failure to state a claim. Id. (internal quotation marks and citation omitted). Determining whether a claim for relief is plausible is a context-specific task requiring the court to draw on its judicial experience and common sense. Id. at 1950.

While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 555 U.S. at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. Id. at 556. Plausible claims allow courts to draw "the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. See Id. at 555; see also Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Twombly, 550 U.S. at 556. However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." Benton v. Merrill Lynch & Co., 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Further, courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Ashcroft, 129 S. Ct. at 1950 (quoting Twombly, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. Id.

In general, courts must ignore materials that are outside the pleadings. Kulovic v. BAC Home Loans Servicing, L.P., No. 4:10-CV-2058 CAS, 2011 WL 1483374, at *2 (E.D. Mo. April 19, 2011) (citations omitted). However, in addressing a motion to dismiss, courts "may consider documents attached to the complaint and matters of public and administrative record referenced in the complaint." Great Plains Trust Co. v. Union Pac. R.R. Co., 492 F.3d 986, 990 (8th Cir. 2007) (citations omitted); see also, e.g., Cole v. Homier Distrib. Co., 599 F.3d 856, 863 (8th Cir. 2010) (in deciding a motion to dismiss, a court may consider the allegations made in the complaint, documents attached to the complaint, and matters of public and administrative record referenced in the complaint). While a declaration has been attached, the Court is not at liberty to consider this document at this time. Noble Sys. Corp. v. Alorica Central, LLC 543 F.3d 978, 982 (8th Cir. 2008) (("When ruling on a motion to dismiss under Rule [] 12(b)(6)..., a district court generally may not consider materials outside the pleadings.").

## Discussion

### I. Copyright Infringement

On April 4, 20011, Plaintiff filed a one-count complaint raising a claim for copyright infringement. (Docket No. 1). On June 10, 2011, Defendant filed an Answer and Counterclaims to the Complaint. (Docket No. 8). Thereafter on June 16, 2011, Plaintiff filed the instant multicount First Amended Complaint (Docket No. 13) raising claims of copyright infringement, trade dress infringement, unfair competition, violation of the Missouri Anti-Dilution Act, unfair competition, and unjust enrichment. A review of the First Amended Complaint shows that although the First Amended Complaint added additional claims, the first count, the copyright infringement claim, has not been substantively altered.

"[T]he filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in a timely fashion prior to the amendment of the pleading." 5C Charles Alan Wright, et al,, Federal Practice & Procedure § 1388, at 491 (4th ed. 2009). As the Fourth Circuit opined in Rowley v. McMillan, 502 F.2d 1326, 1332-33 (4th Cir. 1974), "[commentators] conclude, and we agree that an amendment to the pleadings permits the responding pleader to assert only such of those defenses which may be presented in a motion under Rule 12 as were not available at the time of his response to the pleading. An unasserted defense available at the time of response to an initial pleading may not be asserted when the initial pleading is amended." See also Jimenez v. Rosenbaum-Cunningham, Inc., 2010 WL 1303449, at *5 n.5 (E.D. Pa. Mar. 31, 2010) ("The filling of [an] Amended Complaint d[oes] not ... revive her right to assert this defense once she failed to raise it in her first responsive pleading."); Limbright v. Hofmeister, 2010 WL 1740905, at *2 (E.D.Ky. Apr. 27, 2010 ("The filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of the pleading.") (quoting Wright & Miller § 1388); Sears Petroleum & Transport Corp. v. Ice Ban America, Inc., 217 F.R.D. 305, 307 (N.D.N.Y. 2003) ("While it is true that an amended complaint ordinarily supersedes a prior complaint, and renders it of no legal effect[,][i]t is also true that if the amended complaint also contains new matter, the defendant may bring a second motion under Rule 12 to object to the new allegations only." (citations omitted)); Lanehart v. Devine, 102 F.R.D. 592, 594 (D.Md. 1984) ("[A]mendment of the complaint does not revive the right to interpose defense or objections which might have been made to the original complaint.").

Defendant makes no argument that the defense was unavailable at the time Defendant filed its Answer to the original Complaint. Accordingly, the Court denies Mosinger's motion to dismiss as directed


to Count I.

## II. Trade Dress Infringement and Unfair Competition under the Lanham Act[2]

Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1), creates a federal cause of action for trade dress infringement. Insty*Bit, Inc. v. Poly-Tech Indus., Inc., 95 F.3d 663, 667 (8th Cir. 1996). "Trade dress is the total image of a product, the overall impression created, not the individual features." Aromatique, Inc. v. Gold Seal, Inc., 28 F.3d 863, 868 (8th Cir. 1994) (citing Woodsmith Pub. Co. v. Meredith Corp., 904 F.2d 1244, 1247 (8th Cir. 1990).

In order for Plaintiff to establish a claim for trade dress infringement, it must demonstrate that its trade dress is: (1) inherently distinctive or acquired distinctiveness through secondary meaning; (2) nonfunctional; and (3) its imitation would result in a likelihood of confusion in consumers' minds as to the source of the product. See Insty*Bit, Inc., 95 F.3d at 667 (citing Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 769 (1992)).

At this juncture, the undersigned finds the allegations in the First Amended Complaint that the distinctiveness of the trade dress as a result of its continuous[3] and widespread use and extensive sales, advertising, and promotion has become an indicator to the public of the source and quality of Wolff's footwear. Likewise, in the complaint, Wolff asserts that Mosinger began infringing after the trade dress acquired distinctiveness.

Second, with respect to the next criterion, Mosinger contends that Wolff's trade dress is

---

[2]As noted by Mosinger, the elements to support a claim of unfair competition under the Lanham Act are similar to trade dress infringement.

[3]"Although 'no absolute time span can be posited as a yardstick in cases involving secondary meaning,'" ... "length and exclusivity of continuous use is a factor bearing on secondary meaning." Stuart Hall Co., Inc. v. Ampad Corp., 51 F.3d 780, 790-91 (8th Cir. 1995) (quoting Centaur Commc'ns v. A/S/M Commc'ns, 830 F.2d 1217, 1225 (2d Cir. 1987)).

functional, and therefor not entitled to protection under the Lanham Act. In order to be protected, Plaintiff's trade dress must be nonfunctional. Qualitex Co. v. Jacobson Prods. Co., 514 U.S. 159. 164 (1995). Trade dress is considered functional if it performs some function other than identifying the shoes that Wolff makes. The test for determining trade dress functionality provides:

> If a particular feature is an important ingredient in the commercial success of the product, the interests in free competition permits its imitation in the absence of a patent or copyright. On the other hand, where the feature or, more aptly, design, is a mere arbitrary embellishment, a form of dress for the goods primarily adopted for purposes of identification and individuality and, hence, unrelated to basic consumer demands in connection with the product, imitation may be forbidden where the requisite showing of secondary meaning is made. Under such circumstances, since effective competition may be undertaken without imitation, the law grants protection.

Prufrock Ltd, Inc., 781 F.2d at 132-33. In other words, Wolff's trade dress is nonfunctional "if it is an arbitrary embellishment primarily adopted for purposes of identification and individuality. But if the trade dress is an important ingredient in the commercial success of the product, it is clearly functional." Id. at 133. Trade dress may also be considered functional if it puts a competitor at a significant non-reputation-related disadvantage. Home Builders Ass'n v. L & L Exhibition Mgmt., 226 F.3d 944, 948 (8th Cir. 2000).

The allegations of trade dress reflect characteristics that are nonfunctional. Further, the complaint alleges that allowing trade dress protection does not place competitors at a disadvantage. At the motion to dismiss stage, the only issue before the Court is whether the pleadings state a cause of action that is plausible on its face. The Court may not look outside the pleadings when entertaining a motion to dismiss. The undersigned finds that Wolff has sufficiently pled a cause of action of trade dress infringement and unfair competition. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)) ("To survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").

### III. Plaintiff's State Law Claims

Defendant next asserts that Plaintiff's claims for violation of the Missouri Anti-Dilution Act[4], unfair competition, and unjust enrichment must be dismissed as preempted by the Copyright Act. 17 U.S.C. § 301. "The Copyright Act provides the exclusive source of protection for all legal and equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright." Warren Sign Co., Inc. v. Piros Signs, Inc., 2010 WL 3034637, at * 2 (E.D. Mo. Aug. 3, 2010) (quoting National Car Rental Sys., Inc. v. Computer Assocs. Int'l, Inc. 991 F.2d 426, 428 (8th Cir. 1993). The preemption provision in section 301(a) of the Copyright Act provides in relevant part as follows:

> [A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, .... are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a). "Section 301 preempts only those state law rights that may infringe one of the exclusive rights provided by copyright law, " however, and does not limit "any rights or remedies under the common law or statutes of any state with respect to activities violating legal or equitable rights that are not equivalent to any of the exclusive rights within the general scope of copyright as specified under section 106." Davidson & Assocs., Inc. v. Internet Gateway, Inc., 334 F.Supp.2d

---

[4]With respect to the Missouri Anti-Dilution Act claim (Count IV), the undersigned notes that the Eighth Circuit Court of Appeals in Viacom Inc. v. Engram Enters., Inc. has rejected the contention that a claim under Missouri's Anti-Dilution Act is preempted by the Lanham Act. 141 F.3d 886, 890-91 (8th Cir. 1998).

1164, 1174-75 (E.D. Mo. 2004) (internal quotations and citations omitted).

Courts employ a two-part test to determine whether an apparent state-law claim is preempted by the Copyright Act. "'A state cause of action is preempted if: (1) the work at issue within the subject matter of copyright as defined in §§ 102 and 103 of the Copyright Act, and (2) the state law created right is equivalent to any of the exclusive rights within the general scope of copyright as specified in § 106.'" Warren Sign, 2010 WL 3034637, at *2 (quoting National Car Rental, 991 F.2d at 428. "If an extra element is required, instead of or in addition to the acts of reproduction, performance, distribution or display, in order to constitute a state-created cause of action, then the right does not lie within the general scope of copyright and there is no preemption." Davidson. 334 F.Supp.2d at 1175 (internal quotations and citation omitted).

In applying the two-part test to Plaintiff's state law claims, the Court assumes without deciding that the subject of Counts 5 and 6 falls within the "subject matter of copyright" as defined in the Copyright Act. Accordingly, the question before the Court is whether the state rights asserted in those counts are equivalent to any of the exclusive rights granted by section 106 of the Act. In viewing the allegations in the First Amended Complaint in the light most favorable to Wolff, the Court finds the claims are not equivalent. With respect to the unfair competition claim, the undersigned finds that the common law unfair competition claim requires the additional element of likelihood of confusion. With respect to the unjust enrichment claim, the undersigned finds that the common law unjust enrichment claim requires the additional element of an unjust retention of a benefit. Accordingly, the Court thus finds Counts 4 through 6 of Wolff's First Amended Complaint are not statutorily preempted by the Copyright Act**.** Davidson, 334 F.Supp.2d at 1175; Viacom Inc. v. Engram Enters., Inc., 141 F.3d 886, 890-91 (8th Cir. 1998).

Accordingly,

**IT IS HEREBY ORDERED** that Wolff's Motion for Leave to file a Sur-Reply in Opposition (Docket No. 34) is **DENIED**.

**IT IS FURTHER ORDERED** that Mosinger's Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim Pursuant to Rule 12(b)(6) is **DENIED.**

**IT IS FURTHER ORDERED** that Mosinger's Motion to Bifurcate the Trial of Liability from Damages and Willfulness (Docket No. 30) is **DENIED without prejudice** subject to refiling, if deemed necessary, at the time the parties file pretrial compliance on September 3, 2012.

/s/ Terry I. Adelman

UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of March, 2012.