UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WOLFF SHOE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  4:11CV601 TIA |
| ) | |
| MOSINGER COMPANY, LLC ) | |
| d/b/a MARK LEMP FOOTWEAR, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Wolff Shoe Company's ("Wolff") Motion for Leave to File Second Amended Complaint Adding Additional Party Defendant (Docket No. 76). Defendant Mosinger Company, LLC ("Mosinger") filed a Memorandum in Opposition to the motion for leave to file second amended complaint (Docket No. 24).  Wolff filed a Reply (Docket No. 27) thereto.  All matters are pending before the undersigned United States Magistrate Judge, with the consent of the parties, pursuant to 28 U.S.C. § 636(c).

On June 1, 2012, Wolff filed a Motion for Leave to File Second Amended Complaint Adding Additional Party Defendant (Docket No. 76) seeking to add a new party defendant, Jack Mosinger, the Chief Executive Officer and co-owner of Mosinger.

The deadline for amending pleadings was September 1, 2011, and Wolff is required to satisfy the "good cause standard" of Rule 16(b)(4) by showing that Wolff had been diligent in attempting to meet the case management's deadlines. See Sherman v. Wince Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008); Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006).  "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor,

generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." Sherman, 532 F.3d at 717.

The Case Management Order ("C.M.O.") entered on August 30, 2011 required Wolff to file any amendment of its pleadings no later than September 1, 2011. (Docket No. 33). Accordingly, Plaintiff's request comes nine months after the deadline for amending its pleading. This Court's C.M.O. states that it "will be modified only upon a showing of exceptional circumstances." To wit, the Eighth Circuit has stated that the standard in modifying case management orders is "good cause," which is less forgiving than that required to amend pleadings under Rule 15.

> Federal Rule of Civil Procedure 16(b) specifies that [case management orders] "shall not be modified except upon a showing of good cause and by leave of the district judge." Thus, a moving party must first make the requisite showing. Even then the district court retains discretion as to whether to grant the motion.

Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001) (quoting Fed.R.Civ.P.16(b)). "[T]he existence or degree of prejudice to the party opposing the modification and other factors may also affect the decision." Id. at 809.

When a party seeks leave to amend its complaint after the deadline in the applicable case management order has passed, as in this case, "Federal Rule of Civil Procedure 16(b)'s good cause standard applies, not the standard of Rule 15(a)." Travelers Indem. Co. of America v. Holtzman Properties, L.C.C., 2009 WL 485056, at *1 (E.D. Mo. Feb. 26, 2009). While Rule 15(a) liberally permits amended pleadings "when justice so requires," Rule 16 states that scheduling orders "shall not be modified except upon a showing of good cause." Schenk v. Chavis, 259 F.App'x 905, 907 (8th Cir. 2008). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." Rahn, 464 F.3d at 822 (8th Cir. 2006); see also Fed.R.Civ.P. 16(b),

advisory committee note (1983 Amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). Good cause for a belated amendment requires a showing that, despite the diligence of the movant, the belated amendment could not reasonably have been offered sooner. Sherman v. Wince Fireworks, Inc. 532 F.3d 709, 716-18 (8th Cir. 2008). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." Id at 716.

After the instant action was filed, the undersigned conferred with counsel for the parties on August 30, 2011 and entered a pretrial scheduling order on September 2, 2011. Wolff moved to amend the complaint nine months after the order's deadline for the amendment of pleadings. Wolff asks the Court for leave to amend its complaint to add a new party defendant, Jack Mosinger, the Chief Executive Officer and co-owner of Mosinger as a result of his deposition testimony and the deposition testimony of Dennis Bergmann.

Wolff in the Supplemental Reply Memorandum stated as follows:

> In order to preserve its legal rights Plaintiff Wolff Shoe Company ("Wolff Shoe") has filed a separate lawsuit against Jack Mosinger alleging the Copyright infringement. *See* Ex. 4. The allegations are the same as contained in the Second Amended Complaint in the instant matter. Wolff Shoe maintains its Motion to add Mr. Mosinger as a Defendant in this case. If the Court denies Wolff Shoe's motion, Wolff Shoe will proceed with the separate proceeding. If the Court grants Wolff Shoe's motion, Wolff Shoe will seek to either dismiss the separate action, or consolidate the two actions as directed by this Court.

(ECF No. 88). The record shows that Wolff filed a Complaint for Copyright Infringement against Jack Mosinger on June 29, 2012. Cause No. 4:12cv1176 TIA. In the Original Filing Form,

Wolff's counsel affirmed that "[t]his same cause, or a substantially equivalent complaint, was previously filed in this Court as case number 4:11-cv-601 and assigned to the Honorable Judge Terry I. Adelman." (ECF No. 1-9).

Upon review of the parties' arguments and the record, the undersigned finds that Wolff has been diligent. The record shows that Wolff did not learn the full extent of Mr. Mosinger's involvement in the decision to manufacture, sell, and promote the Amy shoe until Dennis Bergman's deposition. Likewise, the May 11, 2012 United States Copyright Office letter rejecting Mosinger's arguments for cancelling the copyright registration at issue is one recent case development resulting in delays in discovery. Further, the undersigned finds that allowing the filing of the amended complaint would conserve judicial resources and would obviate the need for a separate action and preclude the possibility of judge shopping.

Delay in seeking leave to amend, alone, is insufficient justification to deny leave. Prejudice to the nonmovant must also be shown. Bell v. Allstate Life Ins. Co., 160 F.3d 452, 455 (8th Cir. 1998) (citing Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 644 F.2d 690, 694 (8th Cir. 1991)). Any prejudice to the nonmoving party must be weighed against the prejudice to the moving party by not allowing the amendment. Id. Where the requested amendments are based on facts similar to the original complaint, leave is normally granted. Id. (citations omitted).

The undersigned finds that Wolff has provided a showing of good cause for seeking this request. Further, Mosinger will not be prejudiced if Wolff is allowed to amend its complaint at this juncture inasmuch as Wolff's amendment adds an additional count of copyright infringement against Mr. Mosinger based on his personal involvement in the acts of infringement already asserted against Mosinger. Buder v. Merrill Lynch, Pierce, Fenner & Smith, 644 F.2d 690, 694 (8th Cir. 1981)

("Where the facts on which a previously unasserted claim is based are all known or available to all parties, there is no prejudice in allowing an amended complaint."). Accordingly, the Court will grant Wolff's Motion for Leave to File Second Amended Complaint to add an additional party defendant. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Wolff Shoe Company's ("Wolff") Motion for Leave to File Second Amended Complaint Adding Additional Party Defendant (Docket No. 76) is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties shall submit a joint proposed amended scheduling plan no later than July 31, 2012. A Scheduling Conference pursuant to Fed.R.Civ.P. 16 is set for August 2, 2012, at 3:00 p.m. by telephone with the undersigned. Counsel will be expected to discuss in detail all matters covered by Fed.R.Civ.P. 16, as well as matters set forth in their joint proposed amended scheduling plan, and a firm and realistic trial setting will be established at or shortly after the conference.

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this   16th   day of July, 2012.