UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WOLFF SHOE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:11CV601 HEA |
| ) | |
| MOSINGER COMPANY, LLC, d/b/a ) | |
| MARK LEMP FOOTWEAR and JACK ) | |
| MOSINGER, ) | |
| ) | |
| Defendants, ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court Plaintiff's *Daubert* Motion to Strike the Testimony of Defendants' Expert, Ralph Oman, [Doc. No. 132], Plaintiff's *Daubert* Motion to Exclude Portions of the Testimony of Defendants' Damages Expert, Christina Solomon, [Doc. No. 135], Defendants' Motion to Exclude Expert Testimony of Dennis Hadican, [Doc. No. 139], Defendants' Motion to Exclude Expert Testimony of Mark Hoffman, [Doc. NO. 141]. The parties oppose the respective motions.  On May 20, 2013, the Court heard oral arguments on these motions.

Federal law governs the admissibility of expert witness testimony. *US Salt, Inc., v. Broken Arrow, Inc.* 563 F.3d 687, 691 (8th Cir. 2009).  Admissibility is

dictated by Federal Rule of Evidence 702[1], which provides :

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Under Rule 702, a trial judge acts as a "gatekeeper", screening evidence for reliability and relevance.  *Polski v. Quigley Corp.*, 538 F.3d 836, 839 (8th Cir. 2008), *Daubert*, 509 U.S. 579, 592-93 (1993).  The reliability standard is established by Rule 702's requirement that an expert's testimony be grounded in science's methods and procedures, while the relevance standard is established by the Rule's requirement that the testimony assist the trier of fact to understand the evidence or to determine a fact in issue.  *Daubert*, 509 U.S. at 590-91.  This gate-keeping responsibility extends to all expert testimony, not just scientific

---

[1] These rules were revised in 2011, but the changes were not substantive, as indicated in the following language from the Editor's Notes : "The language of Rule 702 has been amended as part of the restyling of the Evidence Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only. There is no intent to change any result in any ruling on evidence admissibility."

testimony. *Kumho Tire*, 526 U.S. 137, 141 (1999). A district court should apply a three-part test when screening testimony under Rule 702.

> First, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact. This is the basic rule of relevancy. Second, the proposed witness must be qualified to assist the finder of fact. Third, the proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires.

*Polski,* 538 F.3d at 839, quoting *Lauzon v. Senco Products, Inc.* 270 F.3d 681, 686 (8th Cir. 2001).

Subsequent cases have proposed additional factors, including, whether the expertise was developed for litigation or naturally flowed from the expert's research; whether the proposed expert ruled out other alternative explanations; and whether the proposed expert sufficiently connected the proposed testimony with the facts of the case. *Lauzon,* 270 F.3d at 686-8, *Polski*, 538 F.3d at 839. Rule 702 is clearly a rule of admissibility rather than exclusion. *Lauzon,* 270 F.3d at 686. The proponent of the expert testimony must prove its admissibility by a preponderance of the evidence. *Id*. With these standards in mind, the Court turns to the motions before it.

**Ralph Oman**

Plaintiff seeks to exclude the testimony of Ralph Oman, an attorney and former United States Registrar of Copyrights.[2]

"As a general rule, 'questions of law are the subject of the court's instructions and not the subject of expert testimony.'"  *United States v. Klaphake,* 64 F.3d 435, 438–39 (8th Cir.1995) (quoting *United States v. Vreeken,* 803 F.2d 1085, 1091 (10th Cir.1986)).  Even though copyright law is his field of expertise, to the extent that Mr. Oman's testimony discusses copyright law, the Court excludes such testimony because it is tantamount to instructing the jury on the law.  That is for the Court to do, not a party's expert.

Next, Mr. Oman is no longer employed at the United States Copyright Office, indeed, he has not been the Registrar since 1993.  While Mr. Oman may have knowledge of the previous "customs" of the Copyright Office, as suggested by counsel for Defendant, the Court can see no reason for allowing Mr. Oman to advise the jury on what was the practice at the Copyright Office some twenty years ago, particularly in light of the fact that the parties have a current decision from the Copyright Office that the design in question is copyrightable.

Additionally, under Rule 702, the Court considers whether Mr. Oman's

---

[2] Mr. Oman was the Registrar of Copyrights from 1985 to 1993.  *Berman v. International Business Mach. Cor*, 2012 WL 506562 (N.D. Cal. 2012)

testimony would assist the trier of fact. The Court finds that it does not. "Opinion testimony is not helpful to the fact-finder if it is couched as a legal conclusion. The requirement of 'helpfulness' assures against admitting opinions which would in essence tell the fact-finder what result to reach." *Hogan v. Am. Tel. & Tel. Co.,* 812 F.2d 409, 411 (8th Cir.1987) (citing *Torres v. County of Oakland,* 758 F.2d 147, 150 (6th Cir.1985). Plaintiff's Motion to Strike Mr. Oman is granted.

**Christina Solomon**

Defendants offer Ms. Solomon's testimony on damages as rebuttal to Mr. Hoffman's testimony on lost profits. However, in order for Ms. Solomon to rebut the testimony of Plaintiff's expert, Mr. Hoffman, the Court is of the opinion that Ms. Solomon would be required to use the same methods used by Hoffman and arrive at different conclusions. That is, in order to serve as a rebuttal expert, the Court believes the rebuttal expert must apply the same techniques used by Plaintiff's expert and explain why that expert is wrong in his conclusions. Ms. Solomon, however, fails to utilize Mr. Hoffman's assessments, rather, she admittedly arrived at her own conclusions based on her own manner and methods, which she thought to be appropriate, of ascertaining that Defendant's competing shoe caused no lost profits. Indeed, Ms. Solomon's approach was created by Ms. Solomon for the sole purpose of reaching the conclusion in this case. This type of

analysis fails under the *Daubert* standards of reliability, grounded established methods and procedures. *Daubert*, 509 U.S. at 590-91. Ms. Solomon's approach has not been peer tested or discussed; it was simply created to reach the conclusion propounded by Defendant, and as such, does not assist the trier of fact. Plaintiff's Motion to Exclude Portions of the testimony of Christina Solomon will be granted.

**Dennis Hadican**

Although Defendant argues that Mr. Hadican did not "draft" the report, it is clear that the opinions contained in this report are Mr. Hadican's opinions, relayed to counsel for counsel's reduction to writing. Unless counsel for Defendant can present the Court with proof that counsel for Plaintiff created the document based on counsel's own research, rather than Mr. Hadican's, no further discussion of this basis for exclusion is necessary.

Likewise, Defendants' argument that Mr. Hadican's opinions are not based on sufficient data ignores Mr. Hadican's background and experience in the industry for 35 years. While counsel for Defendant is free to cross examine Mr. Hadican on his knowledge, or what he perceives as lack thereof, such is not a basis for excluding Mr. Hadican from testifying regarding the shoe industry and the effect a lower priced copy would have on Plaintiff's business. The Motion to

Exclude Mr. Hadican will be denied.

**Mark Hoffman**

Defendants argue that Mr. Hoffman's testimony should be excluded because he "cherry picked three of Wolff's best selling and longest lasting shoe styles." However, in order for Mr. Hoffman to perform his analysis, it was necessary to select "comparable" shoes, those shoes that fit within a certain type of shoe, as well as the known popularity of the UMEKO shoe and the comparables, While Defendant argues that Plaintiff provided Hoffman with the three best selling shoes, and ignored 98 percent of Plaintiffs' other shoes, Defendant fails to recognize that Hoffman's opinions are based on a reliable method: the history or market value of comparable products.  Again, counsel is free to cross examine the experts with respect to the specific shoes and why these shoes fit or don't fit within the "comparable" category.  Defendant's arguments go to credibility, rather than admissibility, and as such, the Motion to Exclude Mr. Hoffman as a expert will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Daubert* Motion to Strike the Testimony of Defendants' Expert, Ralph Oman, [Doc. No. 132], is granted;

**IT IS FURTHER ORDERED** that Plaintiff's *Daubert* Motion to Exclude

Portions of the Testimony of Defendants' Damages Expert, Christina Solomon, [Doc. No. 135], is granted;

**IT IS FURTHER ORDERED** that Defendants' Motion to Exclude Expert Testimony of Dennis Hadican, [Doc. No. 139], is denied;

**IT IS FURTHER ORDERED** that Defendants' Motion to Exclude Expert Testimony of Mark Hoffman, [Doc. NO. 141], is denied.

Dated this 22nd day of May, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE