UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WOLFF SHOE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11CV601  HEA |
| | ) | |
| MOSINGER COMPANY, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants Motion for Adverse Inference for Plaintiff's Spoliation of Detail Sheets, [Doc.  No. 239].  After having heard arguments on this motion on June 28, 2013, the Court finds that the motion should be denied.

### Facts and Background

Plaintiff brought this action for alleged copyright infringement by Defendants under the provisions of Title 17 of the United States Code.  Plaintiff claims Defendant copied its UMEKO shoe, in which Plaintiff claims a Certificate of Registration for a copyrightable work entitled *Decorative, Ornamental Hole Patterned Motif for Apparel, Accessories and the Like*.  Defendants deny the allegations.

Defendants served their fifth Request for Production of Documents on June 1, 2012, seeking "all documents referring or relating to instances when the UMEKO shoe was shown to wholesale customers." In January, 2013, Defendants requested from Plaintiff all "detail sheets" created by Plaintiff's sales representatives since 2007, as well as "detail sheets" or other documents created by the sales representatives which referenced the UMEKO shoe. Defendants contend that Plaintiff did not offer to sell the UMEKO shoe in 2008 or later.

Plaintiff set aside 25 boxes containing the records it had from its independent contractor salespersons containing "detail sheets," which Plaintiff concedes do not contain all of the detail sheets prepared by the salespersons.

## Discussion

Defendants contend Plaintiff made no attempt to preserve documents from the point at which Plaintiff became aware of the alleged copying, urging that Plaintiff should be sanctioned for this alleged failure to preserve. Consequently, Defendant seeks an instruction that due to Plaintiffs intentional failure to preserve evidence that the jury may draw an inference that the UMEKO shoe was not contained in the detail sheets.

Conversely, Plaintiff argues that it maintains a document retention policy wherein the destruction of documents may only be authorized and carried out by

Plaintiff's Vice President of Sales and Marketing, Tim Rosheim.

"Under federal law, 'there must be a finding of *intentional destruction* indicating a desire to suppress the truth.' *[Stevenson v. Union Pac. R.R. Co.,* 354 F.3d 739] at 746 (emphasis added) (citing, *inter alia, Lewy v. Remington Arms Co.,* 836 F.2d 1104, 1111–12 (8th Cir.1988) (citing federal law for the general proposition that the adverse inference instruction is appropriate only where the spoliation or destruction of evidence is intentional and indicates a fraud or desire to suppress the truth))." *Sherman v. Richem Co., Inc.*; see also, *Hallmark Cards, Inc. v. Murley,* 703 F.3d 456, 460 (8th Cir.2013)(To impose a sanction for spoliation of evidence, "there must be a finding of intentional destruction indicating a desire to suppress the truth."; *Greyhound Lines, Inc. v. Wade,* 485 F.3d 1032, 1035 (8th Cir.2007).

It is undisputed that the salespersons, independent contractors of Plaintiff, may not have maintained all of their "detail sheets." Defendants contend that the sales representatives were well within Plaintiff's control and that Plaintiff "could have easily obtained documents from its sales representatives upon request." However, assuming *arguendo,* that Plaintiff could indeed have obtained the documents upon request, this inaction is insufficient to impose the sanction of an adverse inference instruction to the jury. Defendants' argument that Plaintiff

- 3 -

intentionally failed to issue an appropriate litigation hold and properly preserve documents is not the appropriate  standard by which this Court examines Plaintiff's actions.  As set out above, the Court must determine whether Plaintiff intentionally destroyed the detail sheets with a desire to suppress the truth. Defendants have produced no evidence to even remotely indicate that  Plaintiff took any steps to intentionally destroy any detail sheets, whether in its possession or in the possession of its salespersons.  As such, Defendants are not entitled to an instruction for spoliation of evidence.

### Conclusion

The Court has heard argument and has considered the memoranda of the parties regarding the existence and nonexistence of "detail sheets" from the point at which Plaintiff contends Defendants infringed its copyright.  There is no evidence to support Defendants' contention that the "detail sheets" were intentionally destroyed with a desire to suppress the truth that the UMEKO shoe was not still being offered for sale by Plaintiff in 2008, 2009 or 2010.  Defendants' Motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants'  Motion for Adverse

Inference for Plaintiff's Spoliation of Detail Sheets, [Doc.  No. 239], is denied.

Dated this 1st day of July, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE