UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WOLFF SHOE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:11CV601 HEA |
| ) | |
| MOSINGER COMPANY, LLC, d/b/a ) | |
| MARK LEMP FOOTWEAR and JACK ) | |
| MOSINGER, ) | |
| ) | |
| Defendants, ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion for Attorney Fees and Expenses because of Plaintiff's Failure to Attend and Proceed with Deposition, [Doc. No. 150], Defendants' Alternative Cross-Motion to Exclude the Testimony of Arthur Levine, [Doc. No. 157], Plaintiff's Motion for Attorney Fees and Expenses Relating to the Deposition of John Faulhaber, [Doc. No. 177], Defendants' Motion for Reconsideration of the Court's Order Excluding Portions of the Testimony of Christina Solomon or in the Alternative, Motion to Continue the Trial, [Doc. No. 189], and Plaintiff's Motion to Strike Defendants' Supplemental Memorandum in support of its Motion for Reconsideration Submitting the Declaration of Christina Solomon, [Doc. No. 261]. The Court makes the following rulings with respect to the pending Motions.

The Motions for Attorneys' Fees, [Doc. No.'s 150 and 171] are denied.

Defendants' Alternative Cross-Motion to Exclude the Testimony of Arthur Levine,[Doc. No. 157], is denied, as moot.  Plaintiff advised the Court that it would withdraw Levine as an expert if the Court struck the testimony of Ralph Oman. On May 22, 2013, the Court entered its order striking the testimony of Oman.  Thus, Levine is withdrawn by Plaintiff as an expert and Defendants' Cross-Motion is moot.

Defendants' Motion for Reconsideration regarding Christina Solomon's testimony is denied.  In its May 22, 2013 Order, the Court articulated its reasons for excluding portions of Ms. Solomon's testimony.  Defendants seek reconsideration based on the Court's finding that Ms. Solomon failed to satisfy the requirements of a "rebuttal" expert and further, that Ms. Solomon's testimony did not satisfy the *Daubert* standards.  Although Defendants take great strides in attempting to argue that Ms. Solomon was not limited to rebutting Plaintiff's expert, Mark Hoffman, Ms. Solomon herself states that she was engaged to provide a rebuttal to the calculations and opinions expressed in the February 27, 2012 Preliminary report of Mark Hoffman.  Likewise, the representations of counsel that all rebuttal reports should be submitted by May 30 detracts from Defendants' position that it had until February 9, 2013 to disclose their expert

witnesses and that no separate deadline was given for rebuttal experts.

Moreover, as the Court has previously held, Ms. Solomon's opinions are rooted not in a methodology which has been tested through peer review, as required under the standards for expert opinion, but rather, her opinions appear to be based on a methodology created specifically for this litigation. Such methodology fails to satisfy the *Daubert* standard of sound methodology. Although Defendants seek the Court's consideration of Ms. Solomon testimony, Defendants, while given the opportunity at the hearing to call her as a witness, failed to do so. Defendants' Motion for Reconsideration, [Doc. No. 189], is denied.

Plaintiff's Motion to Strike Defendants' Supplemental Memorandum in support of its Motion for Reconsideration Submitting the Declaration of Christina Solomon, [Doc. No. 261], is denied.

It is so Ordered.

Dated this 19th day of September, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE